United States District Court
Southern District of Texas
**ENTERED**
June 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAWN ISAKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-1317 |
| | § | |
| ROBERTS MARKEL WEINBERG BUTLER HAILEY PC, | § § § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Roberts Markel Weinberg Butler Hailey, PC's Motion for Summary Judgment (Document No. 59). Having considered the motion, submissions, and applicable law, the Court determines that the motion for summary judgment should be granted.

### I. BACKGROUND

This matter arises from an employment dispute. Plaintiff Shawn Isakson ("Isakson") was formerly employed by Defendant Roberts Markel Weinberg Butler Hailey PC ("Roberts Markel"), a Texas based law firm. Isakson worked for Roberts Markel over a period of four years, beginning as a business manager in 2018 and later leaving the company with the title of CEO in 2022. During the COVID-19 pandemic, Isakson relocated to Montana but remained employed at Roberts Markel in a virtual telework capacity. Isakson alleges that during the course of his

1

employment, the Managing Shareholder of the firm, Jeff Roberts ("Roberts"), instructed Isakson to prepare documents for the purposes of employing a Russian woman, Inna Sergeeva, whom Roberts had begun a personal relationship with. Isakson alleges that Roberts instructed him to take "whatever steps necessary" to employ Ms. Sergeeva at the firm in order to obtain a permanent visa for Ms. Sergeeva.[1] Isakson further alleges that he was tasked by Roberts to create a fraudulent role for Ms. Sergeeva at the firm, requiring Isakson to provide the U.S. State Department with false information. Isakson contends that he was later wrongfully fired on November 18, 2022, as a direct result of his refusal to comply with Roberts requests to falsify the basis for Ms. Sergeeva's visa application. Roberts Markel denies all liability.

Based on the foregoing, on November 16, 2023, Isakson filed suit in the United States District Court for the District of Montana, Missoula Division, pursuant to the court's diversity jurisdiction, asserting Montana state law claims for wrongful discharge. On April 9, 2024, this matter was transferred to the United States District Court for the Southern District of Texas. On July 31, 2024, Isakson filed his first amended complaint, asserting three violations of Montana state law, and one *Sabine Pilot* claim. On April 17, 2025, Roberts Markel moved for summary judgment.

---

[1] *Plaintiff's Amended Complaint*, Document No. 43 at ¶ 17.

Isakson did not respond to Roberts Markel's summary judgment motion within either the original response date, or the date of this order.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot

3

be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

The Court may not grant summary judgment based merely on the procedural failure to respond. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendments. Rather, the movant must bear its initial burden to show that no issue of material fact exists, and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). If issues of material fact clearly exist within the summary judgment record, then summary judgment is

improper. *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2000) ("Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." (quoting *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993))).

### III. LAW & ANALYSIS

Roberts Markel moves for summary judgment, contending there is no genuine issue of material fact for a jury to consider in this matter. Isakson did not respond to Roberts Markel's motion for summary judgment, failing to rebut or offer evidence to counter Roberts Markel's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Isakson's failure to respond, the Court will consider, in turn, each claim Roberts Markel contends is conclusively refuted by its proffered summary judgment evidence.

*A. Sabine Pilot Claim*

Isakson alleges a wrongful termination claim under *Sabine Pilot*, a Texas-law exception to the employment at will doctrine. To establish a *prima facie* case of wrongful termination under *Sabine Pilot*, an employee must show: "(1) he was required to commit an illegal act which carries criminal penalties; (2) he refused to engage in the illegality; (3) he was discharged; and (4) the sole reason for his

5

discharge was his refusal to commit an unlawful act." *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003) (citing *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985).

Here, Roberts Markel contends that Isakson's claim fails as a matter of law because Isakson was never directed to commit a crime or perform an illegal act. Roberts Markel makes reference to several portions of Isakson's deposition in this matter, in which Isakson concedes that he was directed to engage in activities that were not necessarily illegal in and of themselves, but rather, could be interpreted as potentially leading to fraud.[2] Roberts Markel further contends that their own expert thoroughly examined the circumstances surrounding Ms. Sergeeva's visa application process and concluded that there was "no evidence of malfeasance or appearance of impropriety" in the process."[3] Isakson offers no rebuttal. Considering the Fifth Circuit's clear guidance that Isakson must prove that Roberts Markel required him to perform an illegal act, the Court finds that Isakson has failed to offer any summary judgment evidence to survive the pending motion for summary

---

[2] *Defendant's Motion for Summary Judgment*, Document No. 59, Exhibit C at 164: 5–10; 184:17–20 (*Deposition of Plaintiff Shawn Isakson*).

[3] *Defendant's Motion for Summary Judgment*, Document No. 59, Exhibit G at 10 (*Expert Report of Defendant's Tendered Expert, Jose Perez).*

6

judgment with respect to his *Sabine Pilot* claim.[4] The Court will now consider Isakson's remaining claims brought pursuant to Montana state law.

### B. Isakson's Remaining State Law Claims Brought Pursuant to Montana Law

Isakson alleges three claims for wrongful discharge pursuant to Montana state law, contending that the laws of the State of Montana apply in this Federal Texas Court. A federal court sitting in diversity jurisdiction must apply the choice of law rules of the forum state when a conflict of law exists. *Burdett v. Remington Arms Co., LLC*, 854 F.3d 733, 735 (5th Cir. 2017). This general rule applies to cases transferred under 28 U.S.C. § 1406(a). *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1110 (5th Cir. 1981) (holding that following a Section 1406(a) transfer, regardless of which party requested the transfer or the purpose behind the transfer, the transferee court must apply the choice of law rules of the state in which it sits). Here, the Montana Federal District Court transferred this matter to this Court pursuant to 28 U.S.C. § 1406(a) noting a lack of personal jurisdiction.[5] Because a federal court sitting in diversity jurisdiction must apply the choice of law rules of the forum state in which it sits, Texas choice of law rules apply in the present matter.

---

[4] Considering the Court's finding that Isakson failed to uphold the first element for a valid *Sabine Pilot* claim, the Court declines to consider Roberts Markel's arguments pertaining to the other elements.

[5] *United States District Court for the District of Montana, Missoula Division Order Granting Transfer of Venue*, Document No. 28 at 23.

7

Isakson alleges claims for wrongful termination pursuant to Montana's Wrongful Discharge from Employment Act, which provides that a discharge is wrongful only if: "(a) it was in retaliation for the employee's refusal to violate public policy or for reporting a violation of public policy; (b) the discharge was not for good cause and the employee had completed the employer's probationary period of employment; (c) the employer materially violated an express provision of its own written personnel policy prior to the discharge, and the violation deprived the employee of a fair and reasonable opportunity to remain in a position of employment with the employer; or (d) the employer terminated the employee solely based on the employee's legal expression of free speech, including but not limited to statements made on social media." MONT. CODE. § 39-2-904(1). Texas, however, is an at-will employment state, which means that "employment for an indefinite term may be terminated at will and without cause." *Winters v. Hous. Chron. Pub. Co.*, 795 S.W.2d 723, 723 (Tex. 1990) (internal quotations omitted). Here, Texas law conflicts with Montana law, because Texas does not protect employees who were terminated without good cause. Because a conflict of law exists, the Court must now apply Texas's test for which substantive law governs the instant lawsuit.

The Texas Supreme Court applies the 1971 Second Restatement of Conflict of Laws "most significant relationship test" to decide choice of law issues. *See Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979). Factual matters to be

considered when applying the principles of the Restatement to a tort case include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(2) (1971).

Here, Roberts Markel contends that Texas is the state with the most significant relationship in this case. Roberts Markel makes reference to a plethora of facts for the Court to consider, including that: (1) Roberts Markel hired Isakson in Texas; (2) Isakson maintained a homestead in Texas during his entire tenure at the firm; (3) Roberts Markel is incorporated in Texas and practices law in Texas; (4) Roberts Markel had no business or contacts in Montana; (5) Roberts Markel did not materially benefit from Isakson's newfound residence in Montana; (6) and Isakson's continual remote access of computer systems of the firm that are located in Texas. Roberts Markel also refers to the United States District Court of the District of Montana's prior determination that Roberts Markel did not have minimal contacts with Montana, underscoring Texas's central role in the Parties' relationship and the events leading to this dispute. Isakson offers no rebuttal. Accordingly, based on Texas's "most significant relationship" test, this Court finds that Texas law should be applied to the present case. Therefore, considering that Texas is an at-will

employment state, Isakson's wrongful discharge claims based on being fired without cause fail as a matter of law.

Accordingly, for the aforementioned reasons, the Court finds Isakason fails to raise a genuine issue of material fact to survive Roberts Markel's motion for summary judgment. Therefore, summary judgment is proper.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Roberts Markel Weinberg Butler Hailey, PC's Motion for Summary Judgment (Document No. 59) is **GRANTED**.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this **30** day of June, 2025.

_____
DAVID HITTNER
United States District Judge